BARCLAY, (McMILLIN v.) See Case No. 8,- 902.

BARCLAY, (ST. LUKE'S HOSPITAL v.) See Case No. 12,241.

## Case No. 978.

BARCLAY et al. v. THAYER et al.

[12 Blatchf. 107;[1] 1 Ban. & A. 267; 6 O. G. 2.]

Circuit Court, S. D. New York. May 27, 1874.

### PATENTS FOR INVENTIONS—BRACELETS.

The invention covered by the claim of the letters patent granted to John Barclay, [August 24, 1869, reissued,] December 6th, 1870, for an "improvement in the manufacture of plated metal bracelets," which claim is, "The improved manufacture or bracelet, as made with the turned parts or beads, E, E, arranged with respect to the plates, C, D, in the manner substantially as represented and described," has relation only to bracelets in which the fellow piece is soldered to the base plate, and is not anticipated by a bracelet in which the fellow piece is not soldered to the base plate.

[In equity. Suit by John Barclay and Edward C. Knapp against Oscar S. Thayer and Peter B. Cushman for infringement of patent. Decree for plaintiffs.]

John Van Santvoord, for plaintiffs.

Carroll D. Wright, for defendants.

BLATCHFORD, District Judge. This suit is brought on reissued letters patent granted to John Barclay, December 6th, 1870, for an "improvement in the manufacture of plated metal bracelets," the original patent having

[1] [Reported by Hon. Samuel Blatchford, District Judge; reprinted in 1 Ban. & A. 267; and here republished by permission.]

been granted to him, as inventor, August 24th, 1869. The specification says: "This invention relates to a bracelet which is made of base metal plates, coated with a more costly metal or other material, and the foundation plate of which is provided with beads at its edges, at such a distance apart that they hug closely the fellow piece of the bracelet, and that, after the two parts of the bracelet have been united, no uncovered portion of the base metal remains visible, thereby producing a bracelet superior in finish to similar bracelets as heretofore made, without any increase in the cost of manufacturing the same." The specification then goes on to state, that a bracelet made of metal plates, plated or coated with gold or other material, had been ordinarily constructed of two pieces, by soldering the upper portion of the body, or fellow piece, onto the lower portion, or base plate, (the upper portion being bent, so that its cross section presents the form of a U, before it is applied and fixed to the lower portion,) and then filing down the edges of the base plate, so as to make them even with the outer sides of the fellow piece, thus leaving the edges of the base metal exposed, without any coating or plating. It then states, that the patentee, in carrying out his invention, bends or turns up each edge of the lower portion or base plate, C, in the manner shown in the drawing, which is to roll it over upon itself, giving a rounded external surface, each edge of the plate, after the bending has been accomplished, resting upon, or being directly over, the upper or uncoated surface of the plate, the whole being so arranged as to form beads, E,. E, on the flanks of the plate, and with the coating material on the external or exposed surface of the plate and of the beads. The upper portion or fellow piece, D, bent as in the old construction, and having the coating material on its outer surface, is then placed on the lower portion or base plate, and between the beads, and soldered to the base plate, the beads being made to fit closely to the sides of the fellow piece. The specification states, that, by these means, the edges of the baser metal are concealed, and, also that the beads stiffen and strengthen the base plate, and improve the appearance of the bracelet, and hide the solder from view, and enable it to effect a firmer union of the two plates. The claim is in these words: "The improved manufacture or bracelet, as made with the turned parts or beads, E, E, arranged with respect to the plates, C, D, in the manner substantially as represented and described."

It is apparent, that the patentee's invention has relation only to bracelets in which the fellow piece is soldered to the base plate. He specifies, as advantages of his arrangement, that the beads not only conceal the base metal, and stiffen and strengthen the base plate, but hide the solder, and enable it to effect a firmer union of the two plates. The patent granted to John S. Palmer, March 19th, 1861, for an "improvement in constructing bracelets, &c.," and which is brought up as anticipating the invention of Barclay, sets forth, as a difficulty in constructing bracelets, that, when the fellow piece is soldered to the base plate, and the superfluous stock is trimmed from the latter, the baser metal thereof, when plated stock is used, will be exposed, and then states that Palmer turns over the edges of the base plate, so as to make an overlaying lip or slide on each edge of the outside of the bracelet. This turning over of the edges of the base plate leaves them with smooth round edges on the outside, and gives substantially the beads which Barclay has. But Palmer, instead of soldering a fellow piece to the base plate at the inside of the beads, slides bits of metal, with projecting lips, under the lips or slides of the base plate, and so makes his bracelet. This is a very different arrangement from that of Barclay. Palmer dispenses with solder, and uses two lips, with rivets passing through both of them. Barclay retains the use of solder. Palmer dispenses with a fellow piece in one piece, and substitutes therefor short bits of metal, each slid into place separately, and making, when arranged together, a fellow piece. Barclay retains the old fellow piece in one piece. It is of no consequence, that the defendant may so turn over the beads as to leave a space between them and the surface below, which space might be used for the insertion of a lip or slide. Such space is not so used by the defendant, and serves no purpose. The space which may be so left by the defendant is not used by the defendant for the purpose set forth by Palmer, and the defendant's arrangement is none the less Barclay's arrangement by reason of having such space, nor does such space cause the defendant's arrangement to be that of Palmer. The defendant, to enable himself to construct a bracelet having a fellow piece in one piece, and to still use solder for the attachment together of the two plates, has availed himself of the invention of Barclay, and has not followed the invention of Palmer.

There must be a decree for the plaintiffs.

[NOTE. Patent No. 94,064 was granted to J. Barclay, August 24, 1869, reissued December 6, 1870, (No. 4,192,) and has not, so far as ascertained, been involved in any other cases reported prior to 1880.]